J-S58036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| Y.R. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| A.J.J. | : | |
| | : | |
| Appellant | : | No. 94 MDA 2017 |

Appeal from the Judgment of Sentence Entered December 8, 2016
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 12097-2015

BEFORE: GANTMAN, P.J., SHOGAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.: **FILED OCTOBER 30, 2017**

Appellant, A.J.J., appeals from the judgment of sentence entered in the Luzerne County Court of Common Pleas, following his open guilty plea to indirect criminal contempt.[1] We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. On October 27, 2015, Y.R. ("Victim") filed a petition for Protection from Abuse ("PFA") against Appellant, which sought protection for herself and the parties' children. The petition alleged that Appellant physically and verbally abused Victim on numerous occasions. In light of these allegations, the court issued a temporary PFA order and scheduled a hearing on the matter.

_____

[1] 23 Pa.C.S.A. § 6114(a).

After a hearing, the court issued a final PFA order on November 3, 2015. The order: (1) directed Appellant not to abuse, harass, stalk or threaten Victim or the children; (2) evicted Appellant from the family residence; and (3) prohibited Appellant from the possession of firearms. The court set the expiration date of the PFA order as November 3, 2018.

On August 15, 2016, Appellant approached Victim, grabbed her hair, and hit her face. As a result, police arrested Appellant and charged him with indirect criminal contempt. Appellant entered an open guilty plea to indirect criminal contempt on August 30, 2016, and the court immediately sentenced Appellant to six months of intermediate punishment. The court also set August 30, 2019, as the new expiration date of the PFA order. On November 20, 2016, Appellant entered Victim's home without permission, punched Victim in the face, threatened to kill Victim, and took Victim's keys. Police arrested Appellant that same day and again charged him with indirect criminal contempt. Appellant entered an open guilty plea to indirect criminal contempt on December 8, 2016, and the court sentenced Appellant to a term of six months' incarceration.

Appellant timely filed a post-sentence motion for reconsideration of sentence on December 9, 2016, which the court denied on December 15, 2016. Appellant timely filed a notice of appeal on January 12, 2017. On January 23, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and

Appellant's counsel filed a statement of intent to file an **Anders** brief on February 10, 2017. Appellant's counsel filed a petition for leave to withdraw as counsel and **Anders** brief in this Court on July 26, 2017.

As a preliminary matter, counsel seeks to withdraw her representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor [**Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> \* \* \*
>
> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, Appellant's counsel filed a petition to withdraw. The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. (**See** Letter to Appellant, dated July 26, 2017, attached to Petition for Leave to Withdraw as Counsel). In the

***Anders*** brief, counsel provides a summary of the facts and procedural history of the case.  Counsel's argument refers to relevant law that might arguably support Appellant's issues.  Counsel further states the reasons for her conclusion that the appeal is wholly frivolous.  Therefore, counsel has substantially complied with the requirements of ***Anders*** and ***Santiago***.

Counsel raises the following issue on Appellant's behalf:

> WHETHER THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPOSED A SENTENCE, FOLLOWING A GUILTY PLEA, OF SIX MONTHS['] INCARCERATION?

(***Anders*** Brief at 1).

Appellant argues a sentence of six months' incarceration for Appellant's indirect criminal contempt conviction is excessive.  Appellant avers the court should have imposed a sentence of three months' incarceration because both the Commonwealth and Appellant's counsel asked the court to impose a sentence of three months' incarceration.  Appellant concludes the sentence of six months' incarceration was an abuse of discretion, in light of sentencing recommendations of defense counsel and the Commonwealth, and this Court should vacate and remand for resentencing.  As presented, Appellant challenges the discretionary aspects of his sentence.[2]  ***See Commonwealth v. Lutes***, 793 A.2d 949 (Pa.Super.

_____

[2] "[W]hile a guilty plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his…sentence other than to argue that the sentence is illegal or that the sentencing court did not

*(Footnote Continued Next Page)*

J-S58036-17

2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa.Super. 2000). Prior to reaching the merits of a discretionary aspect of sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013) (quoting *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006)). Generally, objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed at that hearing. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759,

*(Footnote Continued)* ──────────────

have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." *Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa.Super 2005). "An 'open' plea agreement is one in which there is no negotiated sentence." *Id.* at 363 n.1. Here, Appellant's guilty plea included no negotiated sentence.

- 6 -

831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant must also invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 425-26, 812 A.2d 617, 621-22 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases.'" *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *appeal denied*, 600 Pa. 745, 964 A.2d 895 (2009), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting *Commonwealth v. Williams*, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*) (emphasis in original)).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 913 (quoting *Commonwealth v.*

*Brown*, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)).  Significantly, "a bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of [a discretionary aspects of sentencing] claim."  *Commonwealth v. Fisher*, 47 A.3d 155, 159 (Pa.Super. 2012), *appeal denied*, 619 Pa. 677, 62 A.3d 378 (2013).

Instantly, Appellant properly preserved his discretionary aspects of sentencing claim in his post-sentence motion.  Additionally, the failure of Appellant's counsel to include a Rule 2119(f) statement is not fatal to our review of Appellant's discretionary aspects of sentencing issue.  *See Commonwealth v. Ziegler*, 112 A.3d 656, 661 (Pa.Super. 2015) (explaining failure to include Rule 2119(f) statement in *Anders* brief does not preclude review of discretionary aspects of sentencing claim, even if Commonwealth objects, because we still have "to examine the merits of the appeal to determine if it is 'wholly frivolous' so as to permit counsel's withdrawal").  *See also Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa.Super. 2009) (noting *Anders* situation allows review of issues otherwise waived on appeal due to defective Rule 2119(f) statement).  Nevertheless, Appellant's bald assertion that the court-imposed sentence of six months' incarceration is excessive fails to raise a substantial question as to the discretionary aspects of his sentence.  *See Fisher, supra*.

In any event, the court explained its reason for Appellant's sentence as

follows:

> In the case at bar, the record clearly illustrates that on November 20, 2016, [Appellant] violated the [PFA] order for the second time. Moreover, the second violation occurred while [Appellant] was serving a six[-]month [intermediate punishment] sentence. [Appellant] admitted to the following facts as the basis of his guilty plea to the second violation:
>
> …On November 20th, 2016, while there was a valid PFA…, [Appellant] did make contact with [Victim] by striking her in the face and threatening her.
>
> *   *   *
>
> The court reviewed the history of the PFA case as well as the basis for the guilty plea and sentenced [Appellant] within the statutorily mandated maximum. Therefore, in light of the [c]ourt's analysis of the record and the law, the [c]ourt's sentencing was warranted.

(**See** Trial Court Opinion, filed June 9, 2017, at 3-4). Thus, even if Appellant's claim raised a substantial question, we would rely on the court's analysis. Based on the foregoing, Appellant is not entitled to relief on his challenge to the discretionary aspects of his sentence. Following our independent review of the record, we confirm the appeal is wholly frivolous. **See Palm, supra**. Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed; petition to withdraw is granted.

- 9 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/2017